UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 6:19-cv-1162 (TJM/ATB) |
| | ) | |
| | ) | |
| GAETANO ASSOCIATES LP, | ) | |
| CHARLES A. GAETANO CONSTRUCTION | ) | |
| CORPORATION. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by and through the undersigned attorneys, by the authority

of the Attorney General of the United States and at the request of and on behalf of the United

States Environmental Protection Agency ("EPA") for Region 2, files this complaint and alleges

the following:

## NATURE OF ACTION

1. This is a civil action brought under Sections 107(a) and 113(g)(2) of the Comprehensive

Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§

9607 and 9613(g)(2) ("CERCLA"). In this action, the United States seeks to recover costs

incurred and to be incurred by the United States in response to releases or threatened releases of

hazardous substances at or from the Charlestown Mall Site ("Site"), located at 2205 Bleecker

Street, Village of Frankfort, Herkimer County, New York.

1

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345, and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a), and 9613(b).

3.     Venue properly lies in the Northern District of New York under 28 U.S.C. §§ 1391 and 1395, and Section 113(b) of CERCLA, 42 U.S.C. §9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

4.     Defendant Gaetano Associates LP ("Gaetano Associates") is a limited partnership organized under the laws of the State of New York. Its principal place of business was 311 Turner St., Utica, NY 13501. Gaetano Associates LP converted to Gaetano Associates LLC in May 1995.

5.     Defendant Gaetano Construction Corporation ("Gaetano Construction") is a corporation organized and existing under New York law and is currently located at 258 Genesee St., Utica, NY 13502. Gaetano Construction leased and occupied a part of the Site from approximately 1985 to 2007.

## STATUTORY BACKGROUND

6.     CERCLA was enacted in 1980 and provides a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

7.     Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), as amended:

Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or a substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment….

8.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
   (1) the owner and operator of a vessel or a facility, [and]
   (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]
   (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment…of hazardous substances owned or possessed by such person, by any other party or entity, at any facility…owned or operated by another party or entity and containing such hazardous substances…

                    *        *        *

shall be liable for –
   (A) all costs of removal or remedial action incurred by the United States Government…not inconsistent with the national contingency plan….

9.      Under Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B), a "hazardous substance" means "any element, compound, mixture, solution, or substance designated pursuant to section 9602 of this Title…."

10.     Asbestos is a "hazardous substance" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

11.     Polychlorinated biphenyls are a "hazardous substance" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

12.     Volatile organic compounds are a "hazardous substance" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

13.     Under Section 101(22) of CERCLA, 42 U.S.C. § 9601, a "release" means "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant)…"

14.     Under Section 101(29) of CERCLA, 42 U.S.C. § 9601, the term "disposal" shall have the meaning provided in Section 1004 of the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. § 6903.

15.     Under Section 1004(3) of SWDA, the term "disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

16.     Under Section 101(9) of CERCLA, 42 U.S.C. § 9601, a "facility" means "any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located…"

## GENERAL ALLEGATIONS

Site Background

17.     The Site consists of approximately 14.5 acres along the border between Utica and

Frankfort, New York, located just east of Turner Street and between Bleecker Street and Route 5.

18.     Over the years, a variety of commercial and industrial activities took place on the Site,

which once consisted of about 15 interconnected brick buildings.

19.     In 1977 Charles A. Gaetano bought a portion of the Site that is located in Utica, Oneida

County, New York.  Mr. Gaetano purchased the remaining portion of the Site that is located in

Frankfort, Herkimer County, New York in June 1979.

20.     In April 1979, Mr. Gaetano created Gaetano Associates LP and served as its general

partner.

21.     Gaetano Associates LP owned and operated the Site from April 1979 until March 1995.

22.     Gaetano Associates LP converted into a limited liability company in March 1995.

23.     The ownership and operation of the Site was transferred to Gaetano Associates LLC as

part of the conversion.

24.     Gaetano Associates LLC owned the Site from March 1995 to September 2005.

25.     Gaetano Associates LLC operated the Site from March 1995 to on or about October

2007.

26.     Gaetano Construction was a tenant at the Site and operated the Site from on or about

March 1985 to December 2007.

27.     Many buildings at the Site have been and remain in disrepair since the 1980s.

Cleanup Activities at the Site

28.     The New York State Department of Environmental Conservation ("DEC") and the New York State Department of Labor ("DOL") conducted a site investigation in 2008 and discovered asbestos containing material ("ACM") on the Site.

29.     In October 2008, DEC requested EPA perform a removal site evaluation ("RSE").

30.     On or about November 5, 2008, DEC and EPA executed a search warrant in order to evaluate asbestos contamination as well as transformers that were reportedly damaged by past demolition activities.  During this joint DEC-EPA investigation, the agencies discovered a release of polychlorinated biphenyls ("PCBs") and ACM throughout the Site.  The agencies also found several electrical transformers that were leaking or had been opened and their contents released on the floor of the building.

31.     EPA completed the RSE in November 2009 which confirmed the release of asbestos, PCBs, and volatile organic compounds ("VOCs") to the environment.

32.     On August 16, 2010, EPA began a removal action at the Site. Among other actions, EPA removed and disposed of hazardous waste and demolished dilapidated or contaminated buildings. EPA and its contractors completed the removal action and demobilized from the Site on December 19, 2011.

33.     As of August 2013, EPA has incurred more than $5 million in response costs associated with the Site. None of these response costs have been recovered by the United States. The United States may continue to incur response costs in connection with the Site.

## SPECIFIC ALLEGATIONS

34.     The Site is a location where hazardous substances have been deposited, stored, disposed of, placed or otherwise have come to be located, and therefore is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

35.     The asbestos, PCBs, and VOCs (such as tetrachloroethylene and trichloroethylene) found at the Site are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

36.     At times relevant to this action, there have been "releases" and "substantial threats" of releases of various "hazardous substances" into the environment at or from the Site, within the meaning of CERCLA Sections 101(14), 101(22), 104(a), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22), 9604(a), 9607(a).

37.     The Defendants are each a "person," within the meaning of Sections 101(21) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a).

Defendants CERCLA Section 107(a) Liability

38.     Defendant Gaetano Associates is an "owner" of the Site at the time of "disposal" of hazardous substances, within the meaning of CERCLA Sections 101(20)(A) and 107(a)(2), 42 U.S.C. §§ 9601(20)(A), 9607(a)(2).

39.     Defendant Gaetano Construction is an "operator" of the Site at the time of "disposal" of hazardous substances, within the meaning of CERCLA Sections 101(20)(A) and 107(a)(2), 42 U.S.C. §§ 9601(20)(A), 9607(a)(2).

40.     The work that EPA performed at the Site constitutes a "response" action, under Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

41.     As an owner and/or operator of the Site at the time of disposal of hazardous substances, Defendants Gaetano Associates and Gaetano Construction are liable for all response costs incurred and to be incurred that are not inconsistent with the NCP under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), and 40 C.F.R. Part 300.

42.     As a result of the releases or threatened releases of hazardous substances at or from the Site, the United States has incurred and may continue to incur response costs, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases or threatened releases of hazardous substances at or from the Site.

43.     The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the NCP.

44.     The United States has not been reimbursed for any of the response costs it has incurred to date.

## CLAIM FOR RELIEF

45.     The preceding paragraphs, above, are re-alleged and incorporated herein by reference.

46.     Defendant Gaetano Associates is a person who at the time of disposal of a hazardous substance owned or operated a facility from which there was a release or threatened release of a hazardous substance, which has caused the United States to incur response costs.

47.     Defendant Gaetano Construction is a person who at the time of disposal of a hazardous substance owned or operated a facility from which there was a release or threatened release of a hazardous substance, which has caused the United States to incur response costs.

48.     Under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), the Defendants are jointly and severally liable to the United States for all costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs and interest on all such costs.

49.     Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment on liability against the Defendants for response costs or damages that will be binding on any subsequent action or actions to recover further response

costs or damages in connection with the Site under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court grant the following relief:

A.  Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), enter judgment in favor of the United States holding the Defendants jointly and severally liable for unrecovered response costs, including enforcement costs, incurred by the United States with respect to the Site, plus interest thereon;

B.  Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment that the United States is entitled to a declaratory judgment on liability against the Defendants for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages in connection with the Site under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

C.  Award the United States its response costs in bringing this action, including the costs of this enforcement action, costs of attorneys' time for this enforcement action, and other expenses; and,

D.  Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division

9

_07-29-2019_
Dated

T. G. Mariani
THOMAS A. MARIANI, JR.
Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611


9/19/2019
Dated

_Richard S. Greene IV_
RICHARD S. GREENE IV
Trial Attorney
Environmental Enforcement Section
United States Department of Justice 4
Constitution Square
150 M Street NE, Suite 2.900
Washington, D.C. 20002
202-307-3967 (office)
202-514-0097 (fax)
richard.greene@usdoj.gov

GRANT C. JAQUITH
United States Attorney

Thomas Spina, Jr.
Assistant United States Attorney
Bar Roll No. 102653


OF COUNSEL:

HENRY GUZMAN
Office of Regional Counsel, Region 2
U.S. Environmental Protection Agency
290 Broadway
New York, NY 10007-1866
(212) 637-3166

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard S. Greene IV, U.S. Department of Justice, 4 Constitutional Square, 150 M St. NE, Ste. 2.900, Washington, DC 20002

## DEFENDANTS

Charles A. Gaetano Construction Corporation
Gaetano Associates, LP

County of Residence of First Listed Defendant ___Oneida___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Richard Pertz

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1　U.S. Government
　　　Plaintiff

☐ 2　U.S. Government
　　　Defendant

☐ 3　Federal Question
　　　*(U.S. Government Not a Party)*

☐ 4　Diversity
　　　*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding　☐ 2 Removed from State Court　☐ 3 Remanded from Appellate Court　☐ 4 Reinstated or Reopened　☐ 5 Transferred from Another District *(specify)*　☐ 6 Multidistrict Litigation - Transfer　☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CERCLA, 42 U.S.C. § 9601, et seq.

Brief description of cause:
United States incurred responses costs to clean up asbestos and PCBs in a business complex in Utica, NY

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:　☐ Yes　☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____　　DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT __waived__　APPLYING IFP _____　JUDGE __TJM__　MAG. JUDGE __ATB__

[ Print ]　　[ Save As... ]　　6:19-cv-1162　　[ Reset ]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.